**JONAS REALTY CORP., Appellant,**

v.

**James H. COKER, Appellee.**

**No. 12–84–0086–CV.**

Court of Appeals of Texas, Tyler.

Aug. 28, 1986.

Rehearing Denied Sept. 30, 1986.

Donald C. McCleary, Dallas, for appellant.

Allen Weed, Shank, Irwin & Conant, Dallas, for appellee.

SUMMERS, Chief Justice.

This is a suit for breach of contract and violation of the Deceptive Trade Practices Act, TEX.BUS. & COM.CODE ANN. §§ 17.41–17.63 (Vernon 1978) [hereinafter cited as DTPA]. We will refer to appellant, Jonas Realty Corporation, as Jonas, and to appellee, James H. Coker, as Coker.

On October 14, 1981, Coker as buyer and Jonas as seller entered into a real estate

sales contract for the sale of Unit No. 8 of the Villas Condominium Project in Dallas. Coker agreed to pay $660,000 for the unit, tendering $100,000 as earnest money with Safeco Land Title Company as escrow agent. Closing was set for January 9, 1982, but was later reset for January 11, 1982.

Unit No. 8 was part of a nine unit complex located in the Turtle Creek area. Jonas owned six of the nine condominiums. At the time Jonas bought them, five of the units were incomplete and exposed to the elements. Unit No. 8 was complete and had been used as a residence as well as a model for prospective buyers.

The contract for sale of the real estate provided that Jonas would do everything required to "deliver the premises in like new condition at closing, normal wear and tear excepted." Specifically, Jonas was required to satisfactorily repair the structural and retaining walls surrounding Unit No. 8 and to complete the landscaping of the project.

Thirty days after the contract was executed, Coker's construction manager, Applewhite, delivered an itemized list of needed repairs ("the punch list") to Jonas' construction supervisor, Short. Jonas instructed Short to complete all repairs on the list so that the property would be in satisfactory condition at closing. Periodically, Applewhite visited the project to make note of the progress being made. Coker also visited on occasion. As the closing date approached, Applewhite and Coker became convinced that the necessary repairs would not be completed on time. Coker offered to postpone closing, but he wanted his earnest money returned in the interim. Jonas refused to delay. On the closing date, January 11, 1982, Coker's attorney delivered a letter to Jonas stating that the sale would not be completed because all repairs had not been satisfactorily made. Work on the patio walls and landscaping remained to be done. Coker demanded return of the escrow fund in accordance with the contract, which provided in pertinent part:

> If Seller is unable without fault ... to make any non-casualty repairs required herein within the time herein specified, Buyer may either terminate this contract and receive the Earnest Money as the sole remedy....

Jonas offered to put an unspecified sum of money in escrow to complete any repairs that were unfinished. Coker rejected the offer and refused to close.

Both Jonas and Coker made claim to the earnest money deposited with Safeco. After Coker filed suit, Safeco deposited the funds into the registry of the court. The parties agreed to have the money invested in a certificate of deposit so that it would continue to earn interest.

The case was tried before a jury and special issues on breach of contract and DTPA violations were submitted. The jury answered several DTPA issues in the affirmative, but the court disregarded them. The jury also found that Jonas had substantially performed the contract, but the court disregarded that finding. The court rendered judgment that Coker recover the earnest money plus all interest earned thereon, as well as stipulated attorney fees, and additional attorney fees should the case be appealed. From this judgment, Jonas appeals and Coker cross appeals. We affirm.

Jonas' sole point of error asserts that the trial court erred in denying its motion for judgment, since the jury found in Special Issue No. 9 that Jonas had substantially performed its obligations under the contract. Jonas maintains that, because it had substantially performed, Coker materially breached the contract by refusing to close as scheduled. The question for our determination is whether the doctrine of substantial performance is applicable to this dispute.

Substantial performance is an equitable doctrine usually applied in construction and repair cases to allow a contractor to recover on a contract notwithstanding his failure to fully comply with its terms. *Perryman v. Sims*, 506 S.W.2d 753, 756 (Tex.Civ.App.—Tyler 1974, writ ref'd n.r.e.). The rea-

sons for allowing recovery are that literal compliance with the terms of a contract is virtually impossible for a builder, that the parties to a contract have impliedly agreed to do what is reasonable under the circumstances, and that an owner of land will necessarily receive the benefits of a contractor's labor and materials. *Baldwin v. Smith,* 586 S.W.2d 624, 629 (Tex.Civ.App. —Tyler 1979), *rev'd on other grounds,* 611 S.W.2d 611 (Tex.1980). Thus, the substantial performance is designed to prevent the unjust enrichment of an owner whose property has been improved. *Crawford-Strauss Properties, Inc. v. Doolittle,* 540 S.W.2d 334, 339 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.).

In this case, the record shows that Jonas, and not Coker, owned the property upon which the condominiums stood. Depriving Jonas of the contract price, therefore, does not deprive it of the value of its labor and materials. Moreover, Coker has not been enriched because he has not actually received and enjoyed any benefits conferred by Jonas. 3A A. Corbin, *Corbin on Contracts* § 711 (1960). We hold that the trial court did not err in rendering judgment for Coker because the application of the equitable doctrine of substantial performance is not appropriate under the facts of this case. Jonas' point of error is overruled.

Coker's cross-point of error alleges that the trial court erred in disregarding the jury's answers to Special Issues 1–6 and in failing to render judgment that Coker recover damages based upon his DTPA cause of action. Specifically, Coker complains that he was deprived of the use of the $100,000 earnest money during the pendency of the suit. This argument is without merit. Tender of amounts in controversy into the registry of the court is effective to prevent accrual of damages for use of such funds after the date of tender. *Veale v. Rose,* 657 S.W.2d 834, 840 (Tex. App.—Corpus Christi 1983, writ ref'd n.r. e.). Coker's cross-point is overruled.

The judgment of the trial court is affirmed.